```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
THE NETHERLANDS INSURANCE
COMPANY,                                              MEMORANDUM AND ORDER

              Plaintiff,                              Case No. 1:22-cv-1802 (FB) (CLP)

    -against-

ENCLAVE HOLDINGS LLC

              Defendant.
--------------------------------------------------x
```

*Appearances:*
*For the Plaintiff*:
MATTHEW D. KENNEDY
Fitzpatrick & Hunt, Pagano, Aubert, LLP
1 Landmark Square
21st Floor
Stamford, CT 06901

*For the Defendant*:
DENNIS M. ROTHMAN
Lester, Schwab, Katz & Dwyer LLP
100 Wall Street
New York, NY 10005

ALFREDO JAVIER ALVARADO
Lester, Schwab, Katz & Dwyer LLP
120 Broadway
38th Floor
New York, NY 10271

**BLOCK, Senior District Judge:**

The Netherlands Insurance Company ("Netherlands") brings an action for four counts of breach of contract against Enclave Holdings LLC ("Enclave"). Netherlands is the insurer-subrogee of Realty Management Services, Inc. ("RMS"), a property management company that had contracted with Enclave. The parties dispute whether the contract between Enclave and RMS entitled Netherlands, as

1

RMS's subrogee, to reimbursement by Enclave for costs incurred in defending RMS in two underlying lawsuits. Enclave has moved to dismiss Netherlands's claims in their entirety under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). For the reasons that follow, Enclave's motion is denied.

## I.

The below facts are taken from the complaint. For present purposes, the Court accepts them as true and draws all reasonable inferences in favor of the plaintiff. *See*, *e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

Enclave is the owner of a three-building apartment complex in Silver Spring, Maryland. RMS contracted with Enclave to provide property management services for the complex via the Property Management Agreement, dated August 4, 2016 (the "Management Agreement"). The Management Agreement provided that Enclave must indemnify RMS for any:

> loss, damage, cost or expense, including, but not limited to, reasonable attorney's fees and costs of litigation, arising as a result of injuries or damages to persons or property, or any other cause of action or claim, by reason of any cause whatsoever in or about the Property or elsewhere when Manager is carrying out the provisions of this Agreement and/or acting under the express or implied direction of Owner.

Def.'s Mem. of Law in Support of Mot. to Dismiss, Ex. A at § 6.2(B). The Management Agreement also required Enclave to purchase various types of insurance, including Pollution Legal Liability ("PLL") insurance, and to name

2

RMS as an additional insured on those policies. Finally, the Management Agreement provided that if one of the parties were to breach the contract, the breaching party would be required to reimburse the non-breaching party's attorneys' fees and expenses incurred in enforcing the Management Agreement.

During the Management Agreement's effective period, Enclave and RMS were sued in two separate actions in Maryland state court by groups of plaintiffs consisting of former residents of the apartment complex. The plaintiffs in both cases complained of injuries and damages resulting from alleged HVAC defects, water intrusion, and mold contamination. Upon learning of these lawsuits, RMS requested defense and indemnification from Enclave. However, Enclave declined to defend RMS. As a result, RMS requested a defense from its own carrier, Netherlands, which appointed defense counsel for RMS and did not request contribution or reimbursement from RMS for these expenses. Ultimately, RMS was dismissed from both underlying Maryland state court actions in March 2022, but not before Netherlands incurred $1,004,990.30 in attorneys' fees, costs and expenses defending RMS.

Now, as insurer-subrogee of RMS, Netherlands seeks reimbursement of these costs from Enclave, arguing that Enclave breached its contract with

RMS by failing to purchase the proper PLL insurance as required by the Management Agreement, which would have covered these costs, and by failing to otherwise indemnify RMS.

## II.

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

## III.

The issue before the Court is whether Enclave is entitled dismissal of all four breach of contract claims against it. To show breach of contract, Netherlands, as subrogee, must demonstrate that: (i) there was a contract, (ii) RMS performed, (iii) Enclave did not perform, and (iv) there are articulable damages attributed to the breach. *See First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162 (2d Cir. 1998). Ultimately, Netherlands's claims hinge on whether RMS had a contract with Enclave requiring it to indemnify RMS or hold an insurance policy that would have indemnified RMS for the expenses incurred defending the underlying lawsuits. Enclave's arguments to the contrary are unavailing.

First, Enclave argues that Netherlands cannot recover damages as subrogee of RMS because RMS incurred no monetary damages beyond its policy payments to Netherlands. As Netherlands points out in its opposition, the theory posited by Enclave would undermine the entire concept of subrogation. Subrogation is an equitable doctrine that "provides relief by allowing the person whose property was used to be subrogated to the position of the obligee. 'Under its rule, one compelled to pay a debt which ought to have been paid by another is entitled to exercise all the remedies which the creditor possessed against that other." *Union Labor Life Ins. Co. v. Olsten Corp. Health and Welfare Benefit Plan*, 617 F. Supp. 2d 131, 137

5

(E.D.N.Y. March 26, 2008) (quoting *In re Chateaugay Corp.*, 89 F. 3d 942, 947 (2d Cir. 1996)).

Here, Enclave benefitted from Netherlands's payment of the $1,004,990.30 debt that Enclave, or its insurer, would have paid had it procured the appropriate insurance in accordance the Management Agreement. Had RMS paid this debt, it surely could sue to recover for breach of the Management Agreement. Because Netherlands paid to defend RMS but would not have had to do so had Enclave complied with the contract, Enclave unfairly benefitted. As such, Netherlands may recover. Thus, the Court rejects Enclave's argument that because RMS did not pay for its defense, Netherlands as subrogee cannot now recover for that defense. This circular reasoning would vitiate insurance subrogation.

Next, Enclave argues in the alternative that Netherlands's claim is barred because of the subrogation waiver clause contained in the Management Agreement. Section 3.4(C) of the Management Agreement states that RMS and Enclave "waive all rights of recovery or subrogation against each other for any damage to real and personal property or loss of rental income occasioned by the negligence of either party. It is agreed that the property insurance policies purchased by both Owner and Manager will be endorsed to comply with this provision." Def.'s Mem. of Law in Support of Mot. to Dismiss, Ex. A at § 3.4 (C). Enclave argues that because some of the claims in the underlying state court actions involve property damage and

6

negligence, RMS has waived Netherlands's right to subrogation via the above clause.

However, when examined within the four corners of the Management Agreement, it is apparent that this waiver does not apply to indemnification for third-party claims but is limited to potential claims of loss of rental income and damage to real and personal property brought by one of the parties against the other. The indemnity clause appears later in the Management Agreement and specifically mentions that Enclave must reimburse RMS for any costs related to defending claims brought by third parties, with the exceptions of gross negligence or intentional misconduct on the part of RMS or its employees. Def.'s Mem. of Law in Support of Mot. to Dismiss, Ex. A at § 6.2(B). This section goes on to note that Enclave shall include RMS on its liability insurance, leaving no doubt that the parties did not intend to waive subrogation as to third-party claims. It is a basic principle of contract law that contracts are to be interpreted as a whole. *See United States v. Hamdi*, 432 F.3d 115, 123 (2d Cir. 2005) (citing Restatement (Second) of Contracts § 202(2) (1981) and 11 Richard A. Lord, Williston on Contracts § 32:5 (4th ed. 1999)). When the Management Agreement is considered as a whole, it is clear that RMS and Enclave did not waive subrogation for indemnification of third-party claims such as those contained in the underlying state actions. As such, Enclave's argument fails.

The parties do not dispute that there was a contract, nor that RMS performed. At this stage of litigation, Netherlands has successfully pleaded that Enclave did not perform its duties under that contract, and that there are articulable damages attributable to that failure to perform. Therefore, Enclave's motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Enclave's motion to dismiss is **DENIED**.

**SO ORDERED.**

                                                                                      /S/ Frederic Block          
                                                                                       FREDERIC BLOCK
                                                                                       Senior United States District Judge

Brooklyn, New York
June 5, 2023